IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cornelius Antwan Rogers, | ) | C/A No. 2:15-cv-2341-BHH-MGB |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, a state prisoner appearing *pro se*, seeks habeas relief pursuant to 28

U.S.C. § 2254.  This matter is before the Court on Respondent's Motion for Summary Judgment.

(Dkt. No. 18; *see also* Dkt. No. 19.)  Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized

to review the instant petition for relief and submit findings and recommendations to the District

Court. For the reasons stated herein, the undersigned recommends that the Respondent's Motion

for Summary Judgment (Dkt. No. 18) be granted.

The Petitioner filed this habeas action on June 7, 2015. (Dkt. No. 1-3.) On September 3,

2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 18; *see also* Dkt. No. 19.)

On September 8, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),

Petitioner was advised of the dismissal procedure and the possible consequences if he failed to

adequately respond to the motion.  (Dkt. No. 20.)  On November 2, 2015, Petitioner filed his

Response to Motion to Dismiss. (Dkt. No. 24.)

**PROCEDURAL HISTORY**

Petitioner, Cornelius Antwan Rogers, #204149, is presently confined in the McCormick

Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result

of his guilty plea and sentence in Richland County. The Richland County Grand Jury indicted Petitioner in July of 2000 for armed robbery. (Dkt. No. 19-1 at 85-86.) The Petitioner was subsequently indicted by the Richland County Grand Jury for conspiracy to commit escape and attempt to escape from prison. (Dkt. No. 19-11.) In April of 2001, the Petitioner was indicted by direct presentment for the charge of entering a bank with intent to steal. (Dkt. No. 19-1 at 82-83.)

Irma Brooks and Robert Masella, Esquires, represented the Petitioner at his guilty plea. On April 16, 2001, the Petitioner entered pleas of guilty to entering a bank with intent to steal, strong arm robbery, conspiracy to commit escape, and attempt to escape prison before the Honorable Marc H. Westbrook, South Carolina Circuit Court Judge. (Dkt. No. 19-1 at 3-16.) Don Sorenson of the Fifth Circuit Solicitor's Office appeared on behalf of the State. (*Id.*) Judge Westbrook sentenced Petitioner to thirty (30) years of incarceration on the charge of entering a bank with intent to steal. Petitioner received three concurrent ten (10) year sentences for strong arm robbery, conspiracy to commit escape, and attempt to escape prison. The latter three sentences were issued consecutive to the initial thirty year sentence. (*Id.*; Dkt. No. 19-3.) The Petitioner did not appeal his conviction and sentence.

Petitioner filed a Post-Conviction Relief (PCR) Application (2004-CP-40-01435) on March 23, 2004. (Dkt. No. 19-1 at 18-22.) The Petitioner alleged in his application that he was in custody unlawfully for lack of subject matter jurisdiction. (*Id.*) The State made its Return. (*Id.* at 25-28.) Appointed PCR counsel Douglas Leadbitter, Esq., filed an amended PCR application on February 16, 2006, raising the following ineffective assistance allegations:

> 1. Plea Counsel rendered ineffective assistance of counsel for failing to investigate the facts and circumstances pertaining to the Escape indictment 01-GS-36-36) and for advising the Applicant to plead guilty to that charge which resulted in a 10 year consecutive sentence.
>
> 2. Plea Counsel rendered ineffective assistance of counsel for misadvising and coercing the Applicant into accepting the negotiated sentence of 40 years in order

to avoid a life sentence. The Applicant was 24 years of age at the time he pled guilty upon the advice of counsel. The Applicant had been served with a Notice of the Intent to Seek Life Without Parole. Plea Counsel convinced the Applicant that the 40 year deal to plead guilty would benefit him and was mislead into believing the State was giving him a deal when in fact the State and his lawyers simply negotiated a sentence that equated to a life sentence.

3. Plea counsel rendered ineffective assistance of counsel through insufficient, inadequate and deficient plea negotiations with the solicitor.

4. Plea counsel rendered ineffective assistance of counsel for failing to properly advise the Applicant of the grand jury process. The Solicitor directly indicted the Applicant for Entering a Bank With Intent to Steal (01-GS-40-3028). Plea counsel failed to explain that by signing the sentencing sheet with the waiver of presentment box checked, the Applicant waived his right to have the grand jury consider whether to truebill the indictment.

5. As a result of Plea Counsel's ineffective assistance of failing to advise the Applicant of the right to have the indictment for Entering a Bank With the Intent to Steal presented to the grand jury, the Applicant did not knowingly and intelligently waive the right to have the indictment go before the grand jury. Therefore, the plea court lacked subject matter jurisdiction to hear the Applicant's guilty plea as to that indictment. The PCR should vacate the plea and sentence as to Entering a Bank With the Intent to Steal.

(Dkt. No. 19-5.)

The Honorable Casey Manning held an evidentiary hearing on these claims on May 15, 2006. (Dkt. No. 19-1 at 32-73.) Petitioner was present at the hearing and was represented by Mr. Ledbetter. By order filed June 27, 2006, Judge Manning found that Petitioner had not established any constitutional violations or deprivations and, accordingly, denied and dismissed the PCR application with prejudice. (*Id.* at 74-81.)

Following Judge Manning's Order of Dismissal, Mr. Ledbetter timely filed a notice of appeal on Petitioner's behalf. (Dkt. No. 19-6.)  Wanda H. Carter, Esq. represented the Petitioner on his PCR appeal and filed a petition for writ of certiorari raising the following issue: "Trial counsel erred in advising petitioner to plead guilty pursuant to a plea bargain that was disadvantageous to him." (Dkt. No. 19-7.)  The State filed a Return to Petition for Writ of Certiorari on July 31, 2007. (Dkt. No. 19-8.)

By an order issued January 23, 2008, the Supreme Court of South Carolina denied the Petition for Writ of Certiorari. (Dkt No. 19-9.)  The Supreme Court issued a remittitur on February 8, 2008 (Dkt No. 19-13), which was filed by the Richland County Clerk of Court on February 11, 2008. (Dkt. No. 19-4.)

## GROUNDS FOR HABEAS RELIEF

Petitioner filed the instant habeas petition (Dkt. No. 1) on June 10, 2015, wherein he raised the following ground for review (verbatim):

> **GROUND ONE**: I didn't have an "equal protection" of the laws.

> **Supporting facts:** I am incarcerated on two strike law, which is pretty much a life sentence.  A death sentence. And in murder cases, one have to be evaluated by a mind doctor before sentencing & I was served "life papers," which equates to "my death," therefore, I should have had "equal protection" by being "evaluated" by a mind doctor, as well.  Therefore, I was a witness against myself, because I did not know "THE TRUTH" of my own being. I did not know "why" I committed the same crime twice, to fall under the two strike law. I did not have due process.

## FACTS PRESENTED AT PLEA[1]

Armed with handguns, the Petitioner and one co-defendant entered a Bank of America in February of 2000, robbing it of over $20,000. The Petitioner and his co-defendant fled the scene in a blue Buick Electra which was soon identified by law enforcement. A chase ensued with law enforcement wherein the Petitioner and his co-defendant eventually bailed out of a rolling vehicle, took off running, and were apprehended when they ran into a fence. Upon inspection, the dye pack from the stolen bank funds had gone off all over the vehicle, as well as the Petitioner's face. The Petitioner gave a short statement to law enforcement admitting to committing the robbery. While awaiting trial at the county jail, the Petitioner took off from the

---

[1] The Facts Presented at Plea are taken from Petitioner's plea transcript located at Dkt. No. 19-1 at 7-10.

recreational yard and attempted to escape during an incident when other inmates attacked and killed a correctional officer.

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an
    unreasonable determination of the facts in light of the
    evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court

may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,

562 U.S. 86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

The Petitioner filed his petition for habeas relief outside of the statute of limitations, and

the Respondent is entitled to judgment as a matter of law. As noted above, this matter is before

the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 18; *see also* Dkt. No.

19.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of

limitations. (Dkt. No. 19.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court"

and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. §

2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the

following dates:

(A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States

is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). Because the Petitioner did not seek review by the Supreme Court of the United States, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). The Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 654, 181 L. Ed. 2d 619 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." *Id.* at 650.

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant petition is barred by the statute of limitations. Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). Petitioner's conviction became final on April 26, 2001, ten days after his sentence, as he did not appeal his sentence. *See* Rule 203(b)(2), SCACR. The statute of limitations to file his petition began to run the day after his conviction became final and continued to run until he filed his PCR Application on March 23, 2004. (Dkt. No. 19-1 at 18-24.)  At the time he filed his PCR Application, 1,061 days had passed since his conviction had become final.

The statute of limitations was subject to tolling during the pendency of the Petitioner's PCR proceeding and appeal. By an order issued January 23, 2008, the Supreme Court of South Carolina denied the Petition for Writ of Certiorari. (Dkt No. 19-9.)  The Supreme Court issued a remittitur on February 8, 2008 (Dkt No. 19-13), which was filed by the Richland County Clerk of Court on February 11, 2008. (Dkt. No. 19-4.)  Out of an abundance of caution, this court will allow the statute to be tolled through the filing of the remittitur.[2] The statute of limitations therefore began to run again on February 11, 2008 and ran until the Petitioner filed his Petition. Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), the Petitioner filed the instant Petition on July 7, 2015. (Dkt. No. 1-3.) Therefore, 2,522 days passed between the date the remittitur was filed with the Richland County Clerk of Court and the date Petitioner filed his Petitioner.  As of the filing of the Petition, 3,583 days, just shy of ten (10) years, had run against the one (1) year statute of limitations.

---

[2] District Courts in South Carolina have routinely held that tolling ended when the Supreme Court of South Carolina denied the writ of certiorari. *See e.g. Smith v. Warden, Lieber Corr. Inst*., No. 4:13-CV-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014); *Lewis v. Cartledge*, No. 1:12-CV-2584-SB, 2014 WL 517469, at *8 (D.S.C. Feb. 6, 2014), *appeal dismissed,* 575 F. App'x 113 (4th Cir. 2014).

The Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. "[E]quitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."*Bogan v. South Carolina*, 204 F. App'x 160, 160-61 (4th Cir. 2006). The Petitioner did not address the statute of limitations in the case at bar in any pleading, including his response to Motion to Dismiss. (Dkt. No. 24.) There is no evidence in the record as to why Petitioner did not pursue he rights for almost ten years. If the Petitioner was not aware of the statute of limitations, he is still not entitled to equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.")

An untimely petition may still be heard if a petitioner alleges he is actually innocent of the charges against him and the "evidence of innocence [is] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The Petitioner alleges in the cover letter filed with his Petition that he was enclosing "newly discovered evidence." (Dkt. No. 1 at 1.) The newly discovered evidence consisted of a note at the bottom of a letter he received from the SCDC Director's Office. (Dkt. No. 1-1 at 3.) The note reads "Please Note: This Agency only follows the rulings of a court (a Judge)." (*Id.*) The Petitioner circled the note and drew an arrow to the word "Judge." At the other end of the arrow the Petitioner wrote "THAT'S <u>YOU</u>." This "newly

discovered evidence" does not approach the standard required by *McQuiggin*. It appears to be completely irrelevant to any claim of actual innocence.

Having combed the record, this court has not found anything else that could be construed as newly discovered evidence.  Additionally, the Petitioner is not claiming he is innocent of any of the crimes charged.  He admits in his Petition and other filings that he committed the bank robbery and details his attempted escape. (*See* Dkt. No. 1-3 at 6 (wherein the Petitioner alleges that he was entitled under the Equal Protection Clause of the Fourteenth Amendment to a mental evaluation prior to his plea because he believes defendants in murder cases[3] get an evaluation and he does "not know 'why' [he] committed the same crime twice."); Dkt. No. 24 at 1-2 (wherein the Petitioner details the facts of his attempted escape from jail.).) The Petitioner's "newly discovered evidence" does not relate to the issues before the court, and the Petitioner does not assert actual innocence.  The record does not contain any evidence of the Petitioner's innocence.  The Petition was filed almost nine (9) years late and does not meet any standard to be equitably tolled.  Therefore this court recommends that the Respondent's Motion for Summary Judgment (Dkt. No. 18.) be granted.

## **RECOMMENDATION**

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 18) be **GRANTED.**

---

[3] There is no provision of South Carolina law to support the Petitioner's sole ground for relief in his habeas petition that his Equal Protection Rights were violated because all defendants charged with murder receive mental evaluations yet he was denied one even though he faced life in prison. *See State v. Locklair*, 341 S.C. 352, 363, 535 S.E.2d 420, 426 (2000) (holding that the decision to order "a competency examination is within the discretion of the trial judge and a refusal to grant an examination will not be disturbed on appeal absent a clear showing of an abuse of discretion").

**IT IS SO RECOMMENDED.**

June 20, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).